

# NUMBER 13-24-00630-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ERIC LAMAR ELLIS,                                                  **Appellant,**

## v.

WESTLAKE GARDENS APARTMENTS,
TEXAS PARKING AUTHORITY, AND
SURE STORAGE LLC,                                       **Appellees.**

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 2
## OF TARRANT COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Justices Silva, Peña, and Cron**
**Memorandum Opinion by Justice Cron**

On December 10, 2024, appellant Eric Ellis filed a pro se notice of appeal in this Court attempting to assail our memorandum opinion and judgment issued in a separate case. *See Ellis v. Gardens*, No. 13-24-00257-CV, 2024 WL 4707815, at *1 (Tex. App.—

Corpus Christi–Edinburg Nov. 7, 2024, pet. filed) (mem. op.).[1] In that separate case, this Court denied appellant's motion for rehearing and for en banc reconsideration, and appellant has filed a petition for review with the supreme court.

On December 12, 2024, the Clerk of the Court notified appellant that it appeared that we lacked jurisdiction over his appeal. The Clerk requested correction of this defect, if possible, and advised appellant that the appeal would be dismissed if the defect was not corrected within ten days. *See* TEX. R. APP. P. 37.1, 42.3(a), (c). To date, appellant has not responded to the Clerk's directive or corrected the defect in his appeal.

"'Courts are empowered to note potential jurisdictional defects sua sponte,' and by doing so, a court 'discharges its duty to ensure that the court itself is functioning in an authorized and properly judicial capacity.'" *Hidalgo Cnty. Water Improvement Dist. No. 3 v. Hidalgo Cnty. Irrigation Dist. No. 1*, 669 S.W.3d 178, 185 (Tex. 2023) (quoting *Rattray v. City of Brownsville*, 662 S.W.3d 860, 867, 869 (Tex. 2023)). Generally, appeals may be taken only from final judgments. *CPS Energy v. Elec. Reliability Council of Tex.*, 671 S.W.3d 605, 614 (Tex. 2023); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Statutes that specifically authorize interlocutory appeals provide an exception to this general rule. *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020); *City of Watauga v. Gordon*, 434 S.W.3d 586, 588 (Tex. 2014); *see, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (listing several interlocutory

---

[1] The appeal in our cause number 13-24-00257-CV was before this Court on transfer from the Second Court of Appeals in Fort Worth pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. Because we lack jurisdiction over this attempted appeal, we need not address whether we lack independent territorial jurisdiction over this separate appeal or whether we possess jurisdiction over this appeal as a companion case. *See id*. § 22.201(n) (delineating the counties comprising the Thirteenth Court of Appeals District); Misc. Docket No. 24-9013 (Tex. Mar. 21, 2024) (discussing the transfer of "companion cases").

orders that may be appealed).

The Court, having examined and fully considered the documents on file and the applicable law, is of the opinion that we lack jurisdiction over this appeal. Appellant has not shown that he is appealing from a final judgment or that his appeal is otherwise authorized by statute. Accordingly, we dismiss this appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

JENNY CRON
Justice

Delivered and filed on the
20th day of February, 2025.